Walter A. Lynch, J.
Findings of fact and conclusions of law were waived in this trial before the court without a jury.
Plaintiff brings this action on a written guarantee given by defendant to plaintiff in consideration of plaintiff extending credit to a corporation, Jimmy Whellan Sons, Inc. Annexed to the guarantee is a rider signed by Harold Whellan, his brother Alfred, and their sister Estelle Auld, wherein they represented that they were all the stockholders and directors of the defendant corporation and that the defendant was acting within the scope of its powers in executing and delivering the said guarantee. The rider contained another line for the signature of another sister, who, however, did not affix her signature. The reason given for the representation by the signatories to the rider that they were the stockholders in the defendant corporation was that the mother’s estate was expected to be distributed shortly after they signed the statement and that, as next of kin, they considered themselves as the owners of the stock, not knowing at the time of certain tax claims of the Federal Government.
The testimony discloses that Harold Whellan and his sisters, Estelle Auld and Sylvia Doman, are the administrators of the estate of their deceased mother, who, at the time of her death *199 in an airplane crash, owned all the stock in the defendant corporation, although actually the stock had not been physically issued. The mother left as next of kin her four children.
Harold Whellan owned the textile concern of Jimmy Whellan Sons, Inc. This corporation desired further credit .which plaintiff would not grant without additional security. Harold Whellan thereupon had executed and delivered to plaintiff a purported guarantee by the defendant, upon the strength of which plaintiff gave the additional credit to Jimmy Whellan Sons, Inc.
Plaintiff is a realty corporation. The general rule of law is that a corporation may not guarantee the debts of another corporation or lend its credit to another corporation. Section 19 of the Stock Corporation Law sets forth four categories wherein any stock corporation may guarantee any obligation for the payment of money. There is no evidence before the court that the guarantee made by the defendant was in connection with and incidental to the exercise by it of its corporate rights, powers, purposes, privileges and franchises, or that the guarantee when made was in connection with the negotiation by the defendant, by sale or otherwise, of an obligation owned by it, or that the guarantor corporation directly or indirectly owned at least a majority of the voting shares of the Jimmy Whellan Sons, Inc. The uncontradicted testimony is that the guarantee was not approved by a resolution of the board of directors of the defendant corporation, and that it was not authorized or approved by the affirmative vote of the holders of at least two thirds of all the outstanding shares of defendant corporation entitled to vote thereon, cast at a meeting called pursuant to section 45 of the Stock Corporation Law, and that it had not been approved by the written consent, without a meeting, of the holders of all the outstanding shares of stock entitled to vote thereon.
Upon all the evidence the court finds in favor of the defendant.
The foregoing is the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.